IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ANTHONY SIMMS,

    Petitioner,

vs.      CIVIL ACTION NO.: CV514-069

BUREAU OF PRISONS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Simms ("Simms"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Simms' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Simms contends that he is being denied the opportunity to participate in the Institution Hearing Program ("IHP") for his deportation proceedings because D. Ray James is not an IHP facility, in violation of Program Statement 5111.04. Simms also contends that the sentencing judge directed that he be placed in the facility in Coleman, Florida, and the Bureau of Prisons ("BOP") is not following this directive. Simms asserts that he is being made part of a subordinate class of federal prisoners to those prisoners who are also incarcerated at BOP facilities or BOP-contracted facilities for substantially similar offenses as he is. Respondent alleges that Simms did not exhaust his

administrative remedies prior to filing this cause of action, and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[1] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

2

adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[2] (Doc. No. 8, p. 3). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. (Id.). If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters.[3] (Id.). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id.). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Pichardo v. United States of America, (Case Number CV511-69, Doc. No. 8, p. 3).

The issues raised in Simms' petition involve BOP related matters. (See, n.3). Simms has not filed a BOP administrative remedy during his incarceration at D. Ray James Correctional Institution concerning the issues raised in his petition, as shown by the SENTRY database. (Doc. No. 8-1, p. 43). Therefore, he has not exhausted his

---

[2] The BOP contracts with GEO Group, Inc., to house low security criminal alien inmates at D. Ray James Correctional Institution. Williams v. D. Ray James Correctional Facility, CV514-26, Doc. No. 10, p. 2 (S.D. Ga.).

[3] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release upon successful completion of the RDAP. (See Case Number CV511-69, p. 3, n.4).

available administrative remedies regarding the issues raised in his petition. As Simms has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to consider the merits of his petition. In addition, Simms' contentions regarding alleged violations of his right to equal protection are not properly brought before this Court via a habeas corpus petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Simms' 28 U.S.C. § 2241 petition be **DISMISSED**, without prejudice, due to Simms' failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 10th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE